## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PENNYSAVER USA PUBLISHING, | ) | Case No.: 15-11198 (CSS) |
| LLC, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| DON A BESKRONE, Chapter 7 Trustee | ) | |
| PennySaver USA Publishing, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No.: 17-50523 (CSS) |
| | ) | |
| INTERNATIONAL EDUCATION | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## OPINION[1]

**ASHBY & GEDDES, P.A.**
Ricardo Palacio
Andrew D. Cordo
Lauren Dunkle Fortunato
Hayley M. Lenahan
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Counsel for Don A. Beskrone
Chapter 7 Trustee

**BAYARD, P.A.**
Scott D. Cousins
Evan T. Miller
600 N. King Street
Suite 400
Wilmington, DE 19801
Counsel for the Defendant

Date: July 2, 2018

Sontchi, J.

---

[1] "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ." Fed. R. Civ. P. 52(a)(3), adopted by Fed. R. Bankr. P. 7052. Accordingly, the Court herein makes no findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## INTRODUCTION[2]

Before the Court is Defendant's Rule 12(b)(1) Motion to dismiss the Trustee's single-count Complaint seeking payment for services previously rendered.

The Motion incorporates both factual and facial challenges to the Adversary Proceeding's subject-matter jurisdiction. As a threshold matter, the Court finds that the factual challenges should not be reviewed at this time because they cannot be removed from the substantive claims in the Complaint. This leaves the facial question: whether the Court has proper subject-matter jurisdiction over the Trustee's attempt to recover disputed prepetition accounts receivable as part of a chapter 7 liquidation.

The Court holds that it does. An action to recover alleged prepetition accounts receivable by a chapter 7 trustee, at least before discharge or close of a debtor's liquidation, conceivably impacts a debtor's estate. Non-core "related to" jurisdiction thus exists under the Bankruptcy Code, and the Defendant's *Motion to Dismiss* is consequently denied.

## JURISDICTION & VENUE

The question of the Court's jurisdiction over the Adversary Proceeding is central to the Rule 12(b)(1) Motion. "A court has jurisdiction to determine whether or not it has subject matter jurisdiction over a proceeding."[3] The Court may accordingly determine the Motion over whether to dismiss the Complaint for lack of subject-matter jurisdiction.

---

[2] Undefined terms used in the Introduction have the meaning set forth below.

[3] *Liquidating Trustee of the MPC Liquidating Trust v. Granite Financial Solutions, Inc. (In re MPC Computers, LLC)*, 465 B.R. 384, 387 (Bankr. D. Del. 2012) (citations omitted); *see Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377 (1940) (holding that a federal court has authority to determine whether it has subject matter jurisdiction over a dispute).

To the extent jurisdiction is proper, venue is also proper before the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. §§ 1408 and 1409. The Court has the judicial authority to enter a final order.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

On May 29, 2015, PennySaver USA Publishing, LLC ("PennySaver") and affiliated entities (with PennySaver, the "Debtors") filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"). The Court later entered an order authorizing joint administration of the Debtors' cases.[4]

The United States Trustee for the District of Delaware later appointed Don A. Beskrone to serve as the chapter 7 trustee of the Debtors' bankruptcy estates ("Trustee"). On May 26, 2017, the Trustee filed a single-count complaint (the "Complaint") against International Education Corporation ("Defendant" or "IEC"), initiating this adversary proceeding (the "Adversary Proceeding").[5]

The Trustee's Complaint contends that IEC entered into a prepetition agreement for advertising services with PennySaver for an agreed-upon amount. PennySaver allegedly provided the services and sent bills to IEC for payment. The Complaint seeks damages in an amount no less than $96,858.65 for payments allegedly requested by

---

[4] The Debtors include the following: PennySaver USA, LLC; PennySaver USA Printing, LLC; PennySaver USA Publishing, LLC; Orbiter Properties, LLC; and MonthlyMailer, LLC. Del. Bankr. No. 15-11198, D.I. 1, 32.

[5] Adv. Pro. No. 17-50523, D.I. 1. All references to the docket, cited as "D.I." *infra*, refer to this adversary proceeding unless otherwise stated.

PennySaver that IEC did not pay in full.[6]  The Complaint states that the Court has jurisdiction over the Adversary Proceeding, and separately contends that the Adversary Proceeding is a "core" matter.[7]

Both parties agreed to extend the Defendant's response deadline to October 13, 2017 due to settlement discussions,[8] at which point Defendant filed its *Motion to Dismiss* the Adversary Proceeding under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction (the "Motion") and an accompanying opening brief.[9]  The Trustee filed a brief in opposition fourteen days later, and Defendant filed its reply the following week.[10]  The Court held oral arguments on the Motion on January 18, 2018.[11] The issue is now fully briefed and ripe for review.

**LEGAL DISCUSSION**

**A.  Standard of Review for Rule 12(b)(1) Motion to Dismiss**

A party may assert a motion for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  Such a

---

[6] D.I. 1, ¶¶ 19-23.

[7] *Id.* at ¶¶ 1-2.

[8] D.I. 18.

[9] D.I. 21-22.

[10] D.I. 25-26.

[11] D.I. 33.

motion "is an objection to the federal court's power to adjudicate a case."[12]  As a rule, the burden of establishing that the Court has the requisite jurisdiction falls on the party invoking the federal court's jurisdiction.[13]

A Rule 12(b)(1) motion comes in two forms, the first being a "facial" challenge that contests the sufficiency of the complaint for want of subject-matter jurisdiction.[14]  For facial challenges, the court accepts as true the factual allegations set out in the plaintiff's complaint and then "examines the pleadings to determine if they present a case within the court's jurisdiction."[15]

The second form comes as a "factual" challenge.  A factual challenge is one where "the pleadings satisfy a finding that jurisdiction exists, but [where] the allegations are false, thereby taking the case outside the court's jurisdiction."[16]  When the "defendant contests any of the jurisdictional allegations as pled by the plaintiff, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issues by weighing the evidence."[17]

---

[12] *Emerald Capital Advisors Corp. v. Karma Auto. LLC, (In re FAH Liquidating Corp.)*, 567 B.R. 464, 466 (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) and *Democracy Rising PA v. Celluci*, 603 F.Supp.2d 780, 788 (M.D. Pa. 2009)).

[13] *Sportsman's Warehouse, Inc v. McGillis/Eckman Investments-Billings, LLC (In re Sportsman's Warehouse, Inc.)*, 457 B.R. 372, 383-84 (Bankr. D. Del. 2011) (footnote omitted).

[14] *Emerald Capital*, 567 B.R. at 466-67.

[15] *Id.* at 467 (citing *Democracy Rising*, 603 F.Supp.2d at 788).

[16] *Id.* (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

[17] *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citing *Gould Elec. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000)).

Factual disputes normally give rise to "discovery … extrinsic evidence, and … evidentiary hearings in order to determine [the court's] own jurisdiction."[18]  Unless "the jurisdictional facts, though genuinely disputed, are inextricably intertwined with the merits of the case.  In that event, the court may defer resolution of the jurisdictional issue until the time of trial."[19]

Defendant has made both factual and facial challenges in its Rule 12(b)(1) Motion. Given that the factual challenge may require further discovery, the Court will review the factual and then facial challenges, in that order.

### B.  Factual Challenge to Subject-Matter Jurisdiction

Defendant has highlighted several factual disputes, including the amount, if any, IEC still owes Debtor PennySaver; the effect that certain alleged prepetition payments made by IEC had, if any, on the alleged debt owed; and the facts surrounding invoicing for PennySaver's services.[20]  The Trustee argues that none of these are jurisdictional facts capable of a factual challenge under Rule 12(b)(1).[21]

While some of the factual disputes may remove the Court's jurisdiction over the Adversary Proceeding, they would only do so by attacking the very substance of the Trustee's accounts receivable action.  There is no easy way for the Court to remove the

---

[18] *Valentin v. Hospital Bella Vista*, 254 F.3d 358 363-64 (1st Cir. 2001) (citing *Lawrence v, Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam) and *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)).

[19] *Valentin*, 254 F.3d at 363 n.3 (citing *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997) and *Foster-Miller, Inc. v. Babcock & Wilcox*, 46 F.3d 138, 146-47 (1st Cir. 1995)).

[20] D.I. 22, ¶¶ 4-5.

[21] D.I. 25, ¶ 12 n.3.

factual challenges from the merits.  "[W]hen a factual challenge to jurisdiction attacks facts at the core of the merits of the underlying action, the proper procedure for the [ ] court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case."[22]

The Court accordingly will hold the Defendant's factual challenges for a later proceeding and move to the Motion's facial challenge.

### C. Facial Challenge to Subject-Matter Jurisdiction

The Motion's facial challenge focuses on one question: whether a bankruptcy court has subject-matter jurisdiction over an action brought by a chapter 7 trustee, before discharge and close of a debtor's case, to recover alleged accounts receivable.

Pursuant to 28 U.S.C. § 1334, "district courts shall have original and exclusive jurisdiction of all cases under title 11 … [and] original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[23] A district court may provide, under section 157(a), that any such cases "be referred to the bankruptcy judges for the district," and the bankruptcy court "may hear and determine [such] cases … and may enter appropriate orders and judgments, subject to review under section 158 of this title."[24]  The United States District Court for the District of Delaware has so provided in this Adversary Proceeding.

---

[22] *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) (*Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 898 n.5 (3d Cir. 1987)) (internal quotations omitted).

[23] 28 §§ 1334 (a) and (b).

[24] *Id.* § 157(a) and (b)(1).

Bankruptcy court jurisdiction under section 1334 can be divided among four types of matters: cases under title 11, proceedings arising under title 11, proceedings arising in a case under title 11, and proceedings related to a case under title 11.[25]  The first three categories are considered "core" proceedings, and the last category "non-core" proceedings.[26]  The bankruptcy court lacks jurisdiction over a matter to the extent it does not fall into any of these categories.[27]

While the Complaint states that the Adversary Proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2), both parties now reject this position.[28]  The Court agrees.  "A proceeding to collect accounts receivable in which the underlying transaction occurred prepetition is only 'related to a case under title 11' and is, therefore, non-core."[29]  To hold otherwise would "create[ ] an exception to *Marathon* that would swallow the rule" concerning *Marathon*- and *Stern*-type contract actions.[30]

---

[25] *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 162 (3d Cir. 2004) [hereinafter *Resorts Int'l*] (quoting *In re Guild & Gallery Plus*, 72 F.3d 1171, 1175 (3d Cir. 1996)).

[26] *New Jersey Dep't of Envtl. Protection v. Occidental Chemical Corp. (In re Maxus Energy Corp.)*, 560 B.R. 111, 121 (Bankr. D. Del. 2016).

[27] *Am. Home Mortg.*, 390 B.R. at 129-130.

[28] The Complaint does not state that the Adversary Proceeding is "non-core." However, since the Complaint separately contends that this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, the Court will consider both "core" and "non-core" jurisdiction. *See* D.I. 1, ¶¶ 1-2.

[29] *DVI Fin. Serv., Inc. v. Nat'l Med. Imaging, LLC (In re DVI, Inc.)*, 305 B.R. 414, 416 (Bankr. D. Del. 2004) (quoting *Eastern Elec. Sales Co., Inc. v. Gen. Elec. Co.*, 94 B.R. 348 (E.D. Pa. 1989)) (internal quotations omitted) (citing *In re Charter Behavioral Health Sys., LLC*, 292 B.R. 36 (Bankr. D. Del. 2003)); *see also Arnold Print Works v. Apkin (In re Arnold Print Works)*, 815 F.2d 165 (1st Cir. 1987); *Wood v. Wood (Matter of Wood)*, 825 F.2d 90 (5th Cir. 1987).

[30] *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1102 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1021, 114 (1994); *see 3 Colliers on Bankruptcy* ¶ 3.02[4] (16th ed. 2018).

Yet whether or not a matter is "core" to a bankruptcy does not decide the issue of subject-matter jurisdiction, let alone the Rule 12(b)(1) Motion.[31]  "Non-core 'related to' jurisdiction is the broadest of the potential paths to bankruptcy jurisdiction, so we need only determine whether a matter is at least 'related to' the bankruptcy."[32]

Congress intended for non-core "related to" jurisdiction to grant "comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."[33]  The Supreme Court in *Celotex Corp. v. Edwards* favorably acknowledged the "related to" jurisdiction test established by the Third Circuit in *Pacor v. Higgins* and its broad adoption among other circuit courts.[34]  "The usual articulation of the [*Pacor*] test is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[35]  Key to this test is the word "conceivably," which does not require "certainty, or even likelihood."[36]  The test is satisfied so long as a proceeding "*may* impact … debtor's rights,

---

[31] *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 266 (3d Cir. 1991); *see In re Affirmative Ins. Holdings, Inc.*, 565 B.R. 566, 581-82 (Bankr. D. Del. 2017) ("A necessary conclusion must be that even if a bankruptcy court lacks constitutional power to adjudicate, dismissal of a proceeding pursuant to a motion under Rule 12(b)(1) would not be, in most cases, the correct course of action. When a bankruptcy court pursuant to *Stern*, cannot constitutionally enter final judgment on bankruptcy-related claims, 'the relevant statute nevertheless permits the bankruptcy court to treat the claim as non-core and issue proposed findings of fact and conclusions of law for *de novo* review and entry of judgment by the district court.").

[32] *Resorts Int'l*, 372 F.3d at 163 (citing *Donaldson v. Bernstein*, 104 F.3d 547, 552 (3d Cir. 1997)).

[33] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1985), *overruled on other grounds by, Things Remembered Inc. v. Petrarca*, 516 U.S. 124 (1995)) (internal quotations omitted).

[34] *Celotex*, 514 U.S. at 308 n.6 (quoting *Pacor*, 743 F.2d at 994) (internal quotations omitted).

[35] *Pacor*, 743 F.2d at 994.

[36] *Marcus Hook*, 943 F.2d at 264-65 (quoting *In re Wolverine Radio Co.*, 930 F.2d 1132, 1143 (6th Cir. 1991)).

liabilities, options, or freedom of action or the handling and administration of the bankrupt estate."[37]

At first glance, the Adversary Proceeding clearly satisfies the *Pacor* test. "Illustrative of cases involving causes of action owned by the debtor when the title 11 case was filed, and that have been held to be related, are an action by a debtor relating to a prepetition contract; [and] an action to collect prepetition account …"[38]  Accounts receivable, such as those in dispute in the Adversary Proceeding, are the exact type of non-core action that were found to be "property of the estate" in *Northern Pipeline*.[39]  The Adversary Proceeding will thus satisfy the *Pacor* test, as it "involves rights independent of and antecedent to the petition" that might increase funds available to the body of creditors.[40]

Defendant erroneously suggests the mere potential for recovery does not suffice to create "related to" jurisdiction.  First, as noted *supra*, prepetition accounts receivable actions are not mere possibilities for recovery, but causes of action owned by the debtors.[41]  Even so, the Supreme Court in *Jevic* recently noted in its discussion of a fraudulent transfer claim that the "lawsuit—like any lawsuit—*might* prove fruitless, but

---

[37] *Id.* at 264 (quoting *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989)) (internal quotations omitted).

[38] 3 *Colliers on Bankruptcy* ¶ 3.01[3][e][ii].

[39] *Celotex Corp. v. AIU Ins. Co. (Matter of Celotex Corp.)*, 152 B.R. 667, 673-74 (Bankr. M.D. Fla. 1993) (citing *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 (1982)); *see also In re Nell*, 71 B.R. 305 (D. Utah 1987).

[40] *In re Maislin Indus., U.S., Inc.*, 50 B.R. 943, 950 (Bankr. E.D. Mich. 1985) (citing *Northern Pipeline*, 458 U.S. 50; *cf. Morgan v. Royal Manufactured Homes, LLC (In re Charming Castle, LLC)*, 2008 WL 5391988, at *3 (Bankr. N.D. Ala. Dec. 12, 2008).

[41] *See* 3 *Colliers on Bankruptcy* ¶ 3.01[3][e][ii].

the mere *possibility* of failure does not eliminate the value of the claim ..."[42]  Indeed, *Jevic* posits that a bankruptcy court might "convert the case to Chapter 7, allowing a Chapter 7 trustee to pursue the suit" where the claim cannot be properly litigated under a chapter 11 plan.[43]  The Adversary Proceeding may, therefore, fall within a bankruptcy court's "related to" jurisdiction since the litigation of potential recoveries for the estate are the exact type of actions a chapter 7 trustee is authorized to bring in their administration of the estate.

Nevertheless, Defendant argues that the recovery of disputed prepetition accounts receivable cannot "relate to" a debtor's bankruptcy, as "the only conceivable effect this action could have on the instant estate is a recovery against Defendant that may result in a greater dividend for creditors."[44]  Defendant cautions that such actions would overly extend "related to" jurisdiction for chapter 7 liquidations, and applies standards used for post-confirmation proceedings to reach that conclusion.[45]  Defendant accordingly asks the Court to dismiss the Adversary Proceeding.

A bankruptcy court has "jurisdiction over more than simple proceedings involving the property of the debtor or estate[,]" and yet "a bankruptcy court's 'related to' jurisdiction cannot be limitless."[46]  Indeed, the "critical component of the *Pacor* test is

---

[42] *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017) (emphasis in original).

[43] *Jevic*, 137 S. Ct. at 983.

[44] D.I. 22, p. 7.

[45] *Id.* at pp. 6-7.

[46] *Celotex*, 514 U.S. at 308 (citing *Pacor*, 743 F.2d at 994 and *Bd. Of Governors, FRS v. MCorp Fin., Inc.*, 502 U.S. 32, 40 (1991)).

that 'bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor.'"[47]    A bankruptcy court's jurisdiction may also be broader for a reorganization under chapter 11 of the Bankruptcy Code than a liquidation under chapter 7, as the Supreme Court noted in *Celotex*.[48]    The limits of "related to" jurisdiction are narrowed further if a proceeding arises post-confirmation, as the Third Circuit found in In *Resorts Int'l*.[49]

A bankruptcy court's jurisdiction over a particular proceeding is dependent upon the proceeding's effect, thus "it is not surprising that similar types of disputes may have an effect in one bankruptcy case but not in a different case."[50]    Hence, as described above, a proceeding might be treated differently in a reorganization versus in a liquidation, and pre-confirmation versus post-confirmation.    But simply because a bankruptcy court's jurisdiction *may* be limited in certain contexts does not mean it *must always* be limited in those contexts.    In other words, merely because *Celotex*, *Resorts Int'l*, and associated cases limit jurisdiction in certain instances does not mean it will do so for the Adversary Proceeding by default.    Quite to the contrary, a review of these cases supports a finding of "related to" jurisdiction in this instance.

We first turn to *Celotex* and the limits of bankruptcy jurisdiction in chapter 7 proceedings.    In *Celotex*, the Supreme Court noted in dicta that the "jurisdiction of

---

[47] *Resorts Int'l*, 372 F.3d at 164 (quoting *Celotex*, 514 U.S. at 308 n.6).

[48] *Celotex*, 514 U.S. at 310 (citing *Cont'l Ill. Nat. Bank & Trust Co. v. Chicago, R.I. & P.R. Co.*, 294 U.S. 648, 676 (1935)).

[49] *Resorts Int'l*, 372 F.3d at 166-67.

[50] *Shuman v. Kashkashian (In re Shuman)*, 277 B.R. 638, 650 (Bankr. E.D. Pa. 2001).

bankruptcy courts *may* extend more broadly" in chapter 11 reorganizations than in chapter 7 liquidations.[51]  The notion that the nature of a bankruptcy filing could create different scopes of jurisdiction has been criticized.[52]  Much of the confusion perhaps stemming from the fact that there is currently "no distinct standard for 'related to' jurisdiction under Chapter 7 … in the caselaw."[53]

Yet it is clear that the nature of a chapter 7 liquidation does not upend the logic of *Pacor*.  If a cause of action is owned by a debtor or if it may impact a chapter 7 estate, the action will still "relate to" the debtor's chapter 7 case.[54]  Indeed, those cases which have used *Celotex* to limit "related to" jurisdiction in a chapter 7 liquidation have generally done so on the grounds that the estate no longer benefits in certain types of actions, such as in proceedings filed by a post-petition chapter 7 debtor.[55]

---

[51] *Celotex*, 514 U.S. at 310 (citing *Cont'l Ill.*, 294 U.S. at 676) (emphasis added).

[52] 3 *Colliers on Bankruptcy* ¶ 3.01[3][e][ii] ("Nothing appears in the legislative history or in any of the cases interpreting that history that would suggest, much less support, such a distinction [as suggested in *Celotex*], one that is problematic at best.").

[53] *Allstate Ins. Co. v. Ace Sec. Corp.*, 2011 WL 3628852, *6 (S.D.N.Y. Aug. 17, 2011); *see, e.g.*, *In re Canion*, 196 F.3d 579, 586-87 (5th Cir. 1999) (applying the "conceivable effect" standard for "related to" jurisdiction in chapter 7 proceedings); *McCord v. Papantoniou*, 316 B.R. 113, 122 n. 10 (E.D.N.Y. 2004) (noting, in the context of 28 U.S.C. § 157, courts "apply the same analysis … to adversary proceedings related to Chapter 7 and Chapter 11 bankruptcy cases").

[54] *See Shuman*, 277 B.R. at 650 (citing *In re M. Paolella & Sons, Inc.*, 161 B.R. 107 (E.D. Pa. 1993), *aff'd without op.*, 37 F.3d 1487 (3d Cir. 1994)) (finding that "related to" jurisdiction is dependent on both the claims asserted in the litigation pursuant to *Pacor* and also the nature of the bankruptcy case).

[55] *See, e.g.*, *Cmty. Bank of Homestead v. Boone (In re Boone)*, 52 F.3d 958 (11th Cir. 1995) (finding a chapter 7 debtor's post-petition claim for intentional interference with the sale of their home outside the umbrella of "related to" jurisdiction where the conduct occurred post-petition and thus any damages would belong solely to the debtor); *Wisdom v. Gugino (In re Wisdom)*, 2015 WL 2128830, at *11 (Bankr. D. Idaho May 5, 2015) (finding the court did not have "related to" jurisdiction over an adversary proceeding filed by a chapter 7 debtor concerning post-petition conduct and actions, where the proceedings recoveries would go to the debtor and not the estate or its administration); *see also Adams v. Prudential Sec., Inc. (In re Found for New Era Philanthropy)*, 201 B.R. 382, 397 (Bankr. E.D. Pa. 1996) (finding no jurisdiction over a dispute over the identity of claimant because, "[w]hile the identity of a claimant may, in certain circumstances, affect a chapter 11 debtor's ability to reorganize, the identity of the claimant is not a factor in the administration of

The current Adversary Proceeding, as described above, is clearly an action where the "Chapter 7 estate would be directly benefited by a recovery made by the Trustee in this proceeding."[56] Nothing about the Adversary Proceeding implicates characteristics unique to a chapter 7 liquidation. After all, even liquidations under chapter 11 will "marshal, liquidate, and distribute assets of the estate," albeit perhaps through different processes and for different beneficiaries.[57] Put simply, the Trustee's action to recover alleged prepetition accounts receivable is nothing special here.

Defendant next contends the Adversary Proceeding does not satisfy the test established by the Third Circuit in *Resorts Int'l* for determining jurisdiction over post-confirmation proceedings in chapter 11 cases, a test the Defendant claims should apply to chapter 7 liquidations.[58] But the Court finds that the analysis applied by in *Resorts Int'l* easily distinguishes the Trustee's Adversary Proceeding from the post-confirmation proceedings at issue in that case.

In *Resorts Int'l*, the Third Circuit held that a bankruptcy court retains "related to" jurisdiction only over those post-confirmation proceedings that "affect an integral aspect of the bankruptcy process—there must be a close nexus to the bankruptcy plan or

---

a chapter 7 case, such as this one."); *Fornaro v. Fornaro* (*In re Fornaro*), 402 B.R. 104, 109 (Bankr. D.N.J. 2009) (citing *Pacor*, 743 F.3d at 994) (finding no "related to" jurisdiction for a counterclaim in a post-discharge, "no asset" chapter 7 case); *Turner v. Erminger* (*In re Turner*), 724 F.2d 338, 341 (2d Cir. 1983) (court, applying modified *Pacor* test, found lack of jurisdiction over conversion action where the outcome of the proceeding could not affect an estate already exhausted by other claimed exemptions).

[56] *In re Statewide Pools, Inc.*, 126 B.R. 877 (Bankr. S.D. Oh. 1991)

[57] *In re Cole*, 93 B.R. 707, 709 (B.A.P. 9th Cir. 1988).

[58] *See also Hirschfield v. B'nai B'rith Int'l*, 2010 WL 1156525, at *9 n.7 (W.D. Pa. Aug. 10, 2010).

proceeding."[59]  This "close nexus" test applies to "any claim or cause of action filed post-confirmation, regardless of when the conduct giving rise to the claim or cause of action occurred."[60]

Yet the Adversary Proceeding here is different from the malpractice claims in *Resorts Int'l* in crucial ways.  As has been established above, any recovery the Trustee receives in the Adversary Proceeding will go directly to benefit the estate.  There is no need to belabor this point, only to say that this stands in stark contrast to *Resorts Int'l*, which criticized the lack of connection between the relevant causes of action and the estate:

> The Trustee argues the estate is affected because the Litigation Trust is a continuation of the estate. … Though the Litigation Trust's assets, the proceeds from the litigation claims, were once assets of the estate, that alone does not create a close nexus to the bankruptcy plan or proceeding sufficient to confer bankruptcy jurisdiction. The Litigation Trust's connection to the bankruptcy is not identical to that of the estate. …[61]

In a post-confirmation context, a litigation trust or liquidating trust does not equal the estate.  In fact, the very issue with post-confirmation proceedings is that the connection to the estate all but vanishes in the face of a plan of reorganization, where parties have purposefully and by agreement removed a debtor from court oversight.[62]

---

[59] *Resorts Int'l*, 372 F.3d at 167.

[60] *Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 264 (3d Cir. 2007).

[61] *Resorts Int'l*, 372 F.3d at 169; *see id.* at 170 ("But the potential to increase assets of the Litigation Trust and its beneficiaries does not necessarily create a close nexus sufficient to confer "related to" jurisdiction post-confirmation. The Trust beneficiaries here no longer have the same connection to the bankruptcy proceeding as when they were creditors of the estate.").

[62] *Id.* at 169 ("Moreover, the Litigation Trust was created in part so that the Plan could be confirmed and the debtor freed from bankruptcy court oversight without waiting for the resolution of the litigation claims.

By comparison, the Bankruptcy Code "makes clear that distributions of assets in a Chapter 7 liquidation must follow this prescribed order ... [the Code] provides somewhat more flexibility for distributions pursuant to Chapter 11 plans, which may impose a different ordering with the consent of the affected parties." [63]  Pre-closing chapter 7 liquidations, such as the Debtors' cases, are thus less attenuated to the estate.[64]

Defendant finally points the Court to similarities between chapter 7 and chapter 11 liquidations in order to support its application of *Resorts Int'l*.[65]  The Court finds this argument unpersuasive as well.  The crux of "related to" jurisdiction is not within the functions associated with a debtor in possession or chapter 7 trustee, rather it is whether the proceeding itself remains sufficiently "connected to the bankruptcy estate."[66]  The

---

The deliberate act to separate the litigation claims from the bankruptcy estate weakens the Trustee's claim that the Litigation Trust has the same jurisdictional nexus as that of the estate.").

[63] *Jevic*, 137 S. Ct. at 979.

[64] This logic does not apply to a proceeding brought after the close of a chapter 7 case, as the connection to the estate diminishes after the case is closed. *See In re Kahn*, 406 B.R. 269, 275 (Bankr. E.D. Pa. 2009) (quoting *In re Cuascut*, 91 B.R. 13, 15 (Bankr. E.D. Pa. 1988) and *Pacor*, 743 F.2d at 944) (finding that the close of a chapter 7 case narrows jurisdiction to "only disputes which clearly involve property of the estate"); *cf. Resorts Int'l*, 372 F.3d at 164-65 ("The post-confirmation context of this dispute affects our "related to" inquiry because bankruptcy court jurisdiction must be confined within appropriate limits and does not extend indefinitely, particularly after the confirmation of a plan and the closing of a case. ... After confirmation or a reorganization plan, retention of bankruptcy jurisdiction may be problematic ... This is because, under traditional *Pacor* analysis, bankruptcy jurisdiction will not extend to a dispute between non-debtors unless the dispute creates the logical possibility that the estate will be affected ... At the most literal level, it is impossible for the bankruptcy debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred.") (citations omitted).

[65] All other cases the Defendant relies upon to make its case face the same pitfall as *Resorts Int'l*, focusing on liquidating trusts in a post-confirmation context. *See, e.g., VeraSun Energy Corp. v. West Plains Co. (In re VeraSun Energy Corp.)*, 2013 WL 3336870, *6 (Bankr. D. Del. June 28, 2013); *BVI Liquidating Corp. v. City of Rialto (In re BVI Liquidating Corp.)*, 437 B.R. 160 (Bankr. D. Del. 2010); *The Fairchild Liquidating Trust v. State of New York (In re The Fairchild Corp.)*, 452 B.R. 525, 531 (Bankr. D. Del. 2010).

[66] *Resorts Int'l*, 372 F.3d at 164 (citing *Celotex*, 514 U.S. at 308).

16

issues that do impact a post-confirmation context are simply not present in this Adversary Proceeding.

In sum, the Adversary Proceeding to recovery alleged prepetition accounts receivable falls under this Court's "related to" jurisdiction.  The Court also declines to limit its jurisdiction due to the nature of the chapter 7 filing or under the rationale of *Resorts Int'l*.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Defendant's *Motion to Dismiss* is denied.